UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Chillicothe Chiropractic
and Wellness Center,

    Plaintiff,

    v.

Kathleen Sibelius,
Secretary, United States
Department of Health and
Human Services

    Defendant.

Case No. 2:12-cv-330

Judge Michael H. Watson

Magistrate Judge Deavers

## OPINION AND ORDER

Chillicothe Chiropractic and Wellness Center ("Plaintiff"), a Medicare provider, seeks review of the decision of the Department of Health and Human Services (the "Secretary") finding Plaintiff liable for overpayments received from Medicare. The Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Court affirm the Secretary's decision. ECF No. 35. On May 2, 2014, Plaintiff filed Objections to the R&R. ECF No. 38. For the following reasons, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the R&R.

## I. BACKGROUND

The complete background of this case is set forth in the R&R, ECF No. 35. Briefly, on December 9, 2009, the Secretary notified Plaintiff that it had overpaid Plaintiff for Medicare services in the amount of $90,628. In calculating the

overpayment, the Secretary examined 100 fully or partially paid claims. Upon review of those claims, it determined that every claim was missing some requisite documentation. It ultimately denied all 100 claims for various reasons, attributing to them $2,541.44 in actual overpayment. The Secretary then extrapolated that amount of overpayment to the entire universe of Plaintiff's claims, resulting in an estimated overpayment of $90,628.

Plaintiff sought redetermination of the Secretary's finding before the appropriate entities and eventually before an Administrative Law Judge ("ALJ"). On September 29, 2011, the ALJ issued a partially favorable decision wherein he concluded that some of the claims in the sample did in fact satisfy Medicare's coverage requirements, the statistical sample the Secretary used was invalid, and the Secretary's sample analysis could not be extrapolated to Plaintiff's larger population of claims.

On November 25, 2011, the Secretary referred the matter to the Medicare Appeals Council ("MAC"). The MAC found that the ALJ erred in invalidating the statistical sample and that Plaintiff did not satisfy its burden to demonstrate the invalidity of the statistical sampling method. It concluded that the overpayment should be assessed at the lower limit of a one-sided, 90% confident interval.

Plaintiff appealed the MAC's determination to this Court, arguing that the MAC exceeded its jurisdictional authority in reviewing the ALJ's decision and that Plaintiff had carried its burden to demonstrate the invalidity of the Secretary's sampling method.

The Magistrate Judge issued an R&R recommending the MAC's determination be affirmed, finding that the MAC did not exceed its jurisdictional authority in hearing the appeal and that its decision was supported by substantial evidence. R&R, ECF No. 35. Plaintiff objects only to the Magistrate Judge's finding that substantial evidence supports the MAC's decision.

## II. STANDARD OF REVIEW

If a party objects within the allotted time to an R&R, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Fed R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Plaintiff's objections address the Magistrate Judge's review of the MAC's decision. In reviewing a MAC decision, the Court affirms the Commissioner's decision if it is supported by substantial evidence. R&R 8, ECF No. 35 (citing Rabbers v. Comm'r of Soc. Sec., 582 F.3d 647, 651 (6th Cir. 2009)).

## III. ANALYSIS

In seeking reversal of the MAC's decision, Plaintiff argued the decision was not supported by substantial evidence because: (1) the MAC incorrectly concluded that the ALJ did not include sufficient detail in his analysis of the Secretary's sampling method, and (2) the MAC incorrectly determined Plaintiff

failed to satisfy its burden to prove the invalidity of the Secretary's sample methodology. Brief 4–5, ECF No. 28.

The Magistrate Judge concluded that Plaintiff's first argument was irrelevant because in determining whether substantial evidence supports the MAC's decision, the district court does not consider the ALJ's findings:

> [I]n ascertaining whether substantial evidence supports the Secretary's decision, the Court reviews only the MAC's findings. *See John Balko & Assoc., Inc., v. Sec'y of Health & Human Servs.*, No. 13-1568, --- F. App'x ----, 2014 WL542262, at *5 (3d Cir. Feb. 12, 2014) ("[I]nasmuch as we are concerned on this appeal . . . with a review of MAC's decision, we do not review the ALJ's findings, and [the plaintiff's] arguments addressing those findings are irrelevant."). For this reason, Plaintiff's contention that the MAC erroneously attacked the sufficiency of detail in the ALJ's analysis is not relevant to this Court's determination of whether substantial evidence supports the Secretary's decision.

R&R 11–12, ECF No. 35.

Plaintiff objects to this conclusion. Its argument is as follows. In declining to review the ALJ's findings, the Magistrate Judge relied on *Balko*'s conclusion that the ALJ's findings are irrelevant. In reaching that conclusion, *Balko* relied on *International Rehabilitative Sciences Inc. v. Sebelius*, 688 F.3d 994, 1001–02 (9th Cir. 2010). *Int'l Rehab.* does not, however, stand for the proposition that the ALJ decision should be ignored when reviewing the MAC's decision. *Balko* therefore incorrectly found the ALJ decision irrelevant, and in relying on *Balko*, so too did the Magistrate Judge. Had the Magistrate Judge correctly applied *International Rehab.* and considered Plaintiff's argument regarding the MAC's

treatment of the ALJ's analysis, she would have found that the MAC's decision is not supported by substantial evidence.

Plaintiff's argument is not well taken. Even assuming *Int'l Rehab.* required the Magistrate Judge to consider the MAC's attack on the sufficiency of the ALJ's analysis, Plaintiff fails to explain how such consideration would affect the Magistrate Judge's finding of substantial evidence. Indeed, the Magistrate Judge found that substantial evidence existed to support the MAC's decision without considering Plaintiff's challenge to MAC's attack on the sufficiency of the ALJ's reasoning. As Plaintiff does not challenge the evidence on which the Magistrate Judge relied in determining that substantial evidence existed, it is unclear how consideration of Plaintiff's argument would change the Magistrate Judge's conclusion.[1]

In sum, Plaintiff has failed to establish that the Magistrate Judge erred in finding that the MAC's decision was not supported by substantial evidence.

---

[1] Plaintiff's also takes issue with the fact that the MAC considered the case even though the Secretary did not participate in the hearing before the ALJ. Again, however, Plaintiff fails to explain how the Secretary's absence at the hearing demonstrates a lack of substantial evidence to support the MAC's decision. To the extent Plaintiff meant to object to the Magistrate Judge's conclusion that the MAC did not lack authority to consider the case absent the Secretary's participation in the hearing, Plaintiff fails to present a cogent argument to that effect.

## IV. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's Objections, ECF No. 38, and **ADOPTS** the R&R, ECF No. 35. The Secretary's final decision is hereby **AFFIRMED**.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**